UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MINE EQUIPMENT AND DESIGN,  :
:    NO. 1:07-CV-00414
       Plaintiff,  :
:
:    **OPINION AND ORDER**
  v.  :
:
:
JAMES WILLIAMS, et al.,  :
:
       Defendants.  :


     This matter is before the Court on the following motions:
Plaintiff's Motion to File Second Amended Complaint (doc. 13);
Plaintiff's Motion to Substitute Defendant (doc. 14) and Supplement
in Support (doc. 16); and Motion to Withdraw as Counsel for
Defendants (doc. 15).  No opposition was filed to any of the
motions.  For the reasons stated herein, the Court grants
Plaintiff's motions and schedules a show cause hearing on the
Motion to Withdraw as Counsel for Defendants on March 13, 2008, at
10:00 A.M.

     In Plaintiff's first unopposed motion, Plaintiff asks the
Court for leave to file a Second Amended Complaint, pursuant to
Rule 15 of the Federal Rules of Civil Procedure, and Southern
District of Ohio Local Rule 7.3 (doc. 13).  Plaintiff states that
the proposed Second Amended Complaint supplements factual
allegations learned through discovery, clarifies the categories of
damages sought, and adds a claim for civil conspiracy (Id.).

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). In deciding whether to grant a party leave to amend, courts are to consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, and the futility of amendment. <u>Head v. Jellico Housing Auth.</u>, 870 F.2d 1117, 1123 (6th Cir.). Plaintiff avers he filed this motion within the amended pleading deadline, that Defendants are not prejudiced by an amended complaint, and that counsel for all parties have consulted in good faith regarding the proposed amendment (<u>Id</u>.). Taking these factors into consideration, the Court finds Plaintiff's request well-taken. Plaintiff timely filed this motion, and Defendants have not objected. Therefore, the Court finds it proper to grant Plaintiff's motion for leave to file a second amended complaint.

In the second motion, Plaintiff moves the Court, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, for an order substituting Dean J. Arnold, Esq., for Defendant Craig Shields, who is now deceased (doc. 14). Defendants have filed no opposition to this motion. Craig Shields, a named defendant in this matter, died intestate on July 19, 2007 (<u>Id</u>.). Plaintiff has submitted a Petition to Appoint Dean J. Arnold, Esq. as Administrator for the Sole Purpose of Serving as Party Defendant in this action, as well as Letters of Administration and a Proposed

-2-

Order to the Marion County Superior Court, Probation Division (docs. 14, 16).

Federal Rule of Civil Procedure 25(a)(1) states:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by an party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided for in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for service of the motion, the action shall be dismissed as to the deceased party.

Plaintiff's motion is timely, as Defendant has not yet filed a suggestion of death for Mr. Shields. Fed. R. Civ. Pro. 25(a)(1). Further, because Mr. Shields died intestate, substituting Mr. Arnold, a legally appointed representative of Mr. Shield's estate, is proper. Kemp v. Balboa, No. 98-2748, 1999 WL 197177, at *2 (8th Cir. Mar. 30, 1999). For these reasons, the Court grants Plaintiff's motion for substitution.

In the final motion before the Court, attorneys Barry A. Waller and Derek L. Graham, co-counsel for Defendants James Williams and Craig Shields, move the Court to allow them to withdraw as counsel for these Defendants pursuant to Local Rule 83.1(c)(1)(ii) (doc. 15). Counsel argues that Mr. Shields, prior

-3-

to his death, and Mr. Williams, both breached their contract with Counsel by failing to pay for services, despite repeated demands (Id.). Counsel avers that these actions constitute good cause for Counsels' withdrawal of representation pursuant to Ohio Rules of Professional Conduct, Rule 1.16 (Id.).

Having reviewed this matter, the Court hereby orders Defendant James Williams, and Defendant Dean J. Arnold, Esq., substituted for Craig Shields by this Court's order, to show cause as to why their attorneys' motion should not be granted.  The Court therefore sets a hearing in this matter for 10:00 A.M. on March 13, 2008, at which time these Defendants, in the absence of demonstrating that Counsel cannot withdraw, must notify the Court whether they will proceed with new counsel or pro se.

For the foregoing reasons, the Court GRANTS Plaintiff's Motions to File Second Amended Complaint (doc. 13), and to Substitute Defendant (doc. 14), and SCHEDULES a show cause hearing on the Motion to Withdraw as Counsel (doc. 15) for 10:00 A.M. on March 13, 2008.


SO ORDERED.

Dated: January 31, 2008          s/S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge

-4-